1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

              Plaintiff,

      v.

WILDFIRE MODEL WFB150-Q2 OFF-
ROAD ALL-TERRAIN VEHICLES, et
al.,

              Defendants.

CASE NO. C11-5913 BHS

ORDER GRANTING
CLAIMANTS' MOTION FOR
PROTECTIVE ORDER AND THE
GOVERNMENT'S MOTION TO
EXTEND DISCOVERY
DEADLINE

This matter comes before the Court on Claimant Synder Computer System, Inc.,

d/b/a Wildfire Motors' ("Wildfire") motion for protective order (Dkt. 42) and the

Government's motion to extend discovery deadline (Dkt. 49). The Court has considered

the pleadings filed in support of and in opposition to the motions and the remainder of the

file and hereby grants the motions for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On November 7, 2011, the Government filed a complaint for the forfeiture of off-

road vehicles and generators.  Dkt. 1.  The Government seized this merchandise at the

Port of Tacoma in Tacoma, Washington.  *Id*.

1   On January 1, 2012, Wildfire answered, demanding that its property be released.

2   Dkt. 7.

3   On September 27, 2013, the Government issued notices of deposition for a

4   Wildfire 30(b)(6) designee and Wildfire employees Douglas Don Snyder and Alan

5   Tiptop.  The notices requested the deponents to appear in Tacoma, Washington.  On

6   October 4, 2013, Wildfire filed a motion for a protective order arguing that the deponents

7   are residents of Ohio and that any deposition should occur in Ohio.  Dkt. 42.  On October

8   16, 2013, the Government responded and filed a cross motion to extend the discovery

9   deadline.  Dkt. 49.  On October 18, 2013, Wildfire replied to its motion.  Dkt. 51.  On

10   October 23, 2013, Wildfire responded to the Government's motion.  Dkt. 55.  On October

11   25, 2013, the Government replied.  Dkt. 60.

## II. DISCUSSION

**A.    Extension**

14   The Court may extend deadlines for good cause.  Fed. R. Civ. P. 16(b)(4).  In this

15   case, the parties have shown good cause to extend the deadlines to complete requested

16   depositions.  Therefore, the Court grants the Government's motion.

**B.    Depositions**

18   If good cause is shown, the Court may limit or forbid discovery in order to protect

19   a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R.

20   Civ. P. 26(c)(1 ). Where parties cannot arrive at a mutual agreement, a district court has

21   wide discretion to establish the time and place of depositions. *Hyde & Drath v. Baker*, 24

22   F.3d 17 1162, 1166 (9th Cir. 1994).  Factors which the Court may consider include: (i)

ORDER - 2

1   the parties' convenience and relative hardships to attend the designated location; (ii) cost

2   of transportation and lost work to defendant; (iii) expense and inconvenience to move

3   voluminous documents; (iv) whether the parties' counsel are located in the forum district;

4   (v) whether the defendant is a large corporation whose employees often travel; (vi)

5   whether significant discovery disputes may arise and judicial economy favors resolution

6   by the forum court or other similar concerns; and (vii) whether the parties' claims and

7   parties' relationship are such that appropriate adjustment of the equities favors a

8   deposition site in the forum district. *Willis v. Mullins*, 2006 WL 894922 at *2 (E.D. Cal.

9   Apr. 4, 2006). Most importantly, a defendant may normally insist on being deposed in

10  his home state or district to limit the inconvenience caused by being sued in a distant

11  forum. *HIMC Corp. v. Ramchandani*, 2008 WL 706794 (W.D. Wash. Mar. 13, 2008).

12          In this case, the majority of factors weigh in favor of Wildfire. The only factor

13  that could arguably be in the Government's favor is that the deponents have traveled

14  outside of Ohio to attend to other matters in this case. This fact, however, does not

15  overcome the presumption that the deponents may insist on being deposed in their home

16  district. Further, the Government has not provided persuasive argument that requiring the

17  Wildfire deponents to appear in Tacoma would not constitute an undue burden and trial

18  expense, nor that these witnesses should be summoned to a forum where the only

19  attachment is that it was the port of entry for goods bought overseas. Therefore, the

20  Court grants Wildfire's motion for a protective order and limits the depositions in

21  question to the deponents' home federal judicial district.

22

1

**III. ORDER**

2    Therefore, it is hereby **ORDERED** that Wildfire's motion for a protective order

3    (Dkt. 42) and the Government's motion to extend the discovery deadline (Dkt. 49) are

4    **GRANTED**.

5    Dated this 31st day of October, 2013.

6

7

8    BENJAMIN H. SETTLE
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 4