UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>WILDFIRE MODEL WFB150-Q2 OFF-ROAD ALL-TERRAIN VEHICLES,<br><br>                Defendant. | CASE NO. C11-5913 BHS<br><br>ORDER DENYING CLAIMANT'S MOTION TO COMPEL AND GOVERNMENT'S MOTION FOR LEAVE TO FILE SURREPLY |

This matter comes before the Court on Claimant Snyder Computer System, Inc., d/b/a Wildfire Motors' ("Wildfire") motion to compel deposition of David Alexander (Dkt. 57) and the Government's motion for leave to file surreply (Dkt. 74). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On November 7, 2011, the Government filed a complaint for the forfeiture of off-road vehicles and generators. Dkt. 1. The Government seized this merchandise at the Port of Tacoma in Tacoma, Washington. *Id*.

On January 1, 2012, Wildfire answered, demanding that its property be released. Dkt. 7.

On October 4, 2013, Wildfire issued a notice of deposition for Environmental Protection Agency ("EPA") attorney advisor David Alexander.  The Government objected to this deposition, and, after the parties met and conferred, Wildfire filed the instant motion.  Dkt. 57.  On November 4, 2013, the Government responded.  Dkt. 68. On November 8, 2013, Wildfire replied.  Dkt. 72.

On November 12, 2013, the Government filed a motion for leave to file a surreply (Dkt. 74) and a surreply (*id.*, Exh. 1).  On November 13, 2013, Wildfire responded.  Dkt. 78.  On November 15, 2013, the Government replied.  Dkt. 82.

## II. DISCUSSION

**A.  Surreply**

The Government requests leave to file a surreply to address arguments raised for the first time in Wildfire's reply.  Dkt. 74.  The Court denies the request because the motion to compel may be determined without additional briefing.

**B.  Deposition**

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence . . . ."  Fed. R. Evid. 401.  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26 (b)(1).

In this case, Wildfire contends that deposing Mr. Alexander would lead to the discovery of relevant information. The Court disagrees. The relevant issue in this matter is whether the idle mixture screws are adjustable. While Mr. Alexander's reasons for allegedly pressing the investigation may be relevant in a civil damages action, they are not relevant on the issue of whether the seized property violates the applicable regulations.

### III. ORDER

Therefore, it is hereby **ORDERED** that Wildfire's motion to compel (Dkt. 57) and the Government's motion for leave to file surreply (Dkt. 74) are **DENIED**.

Dated this 21st day of November, 2013.

BENJAMIN H. SETTLE  
United States District Judge