UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>WILDFIRE MODEL WFB150-Q2 OFF-ROAD ALL-TERRAIN VEHICLES, et al.,<br><br>            Defendants. | CASE NO. C11-5913 BHS<br><br>ORDER GRANTING THE GOVERNMENT'S MOTION TO EXCLUDE |

This matter comes before the Court on the Government's motion to exclude the expert opinion of Edward Gardetto (Dkt. 64). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On November 7, 2011, the Government filed a complaint for the forfeiture of off-road vehicles and generators. Dkt. 1. The Government seized this merchandise at the Port of Tacoma in Tacoma, Washington. *Id*.

1  On January 1, 2012, Claimant Snyder Computer System, Inc., d/b/a Wildfire
2  Motors ("Wildfire") answered, demanding that its property be released.  Dkt. 7.
3  On November 13, 2013, the Court entered a scheduling order setting the deadline
4  for the disclosure of experts.  Dkt. 24.  On December 10, 2012, the Court modified that
5  order setting the deadline for the disclosure of rebuttal experts for February 3, 2013.  Dkt.
6  26.
7  In October 2013, Wildfire disclosed Mr. Gardetto's expert opinion.  On October
8  29, 2013, the Government filed a motion to exclude.  Dkt. 64.  On November 11, 2013,
9  Wildfire responded.  Dkt. 75.  On November 15, 2013, the Government replied.  Dkt. 80.

## II. DISCUSSION

11  It is undisputed that Mr. Gardetto was disclosed after the Court's deadline.  The
12  only remaining issue is whether such disclosure is harmless or substantially justified.
13  Fed. R. Civ. P. 37(c)(1).  The burden is on the disclosing party to show that the late
14  disclosure is substantially justified or harmless.  *Yeti by Molly Ltd. v. Deckers Outdoor*
15  *Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).
16  In this case, the Court finds that Wildfire has failed to show that the disclosure is
17  either harmless or substantially justified.  First, not only has the deadline for disclosure of
18  experts passed but the deadline for discovery has passed.  Moreover, dispositive motions
19  are due and any additional discovery, especially related to an expert's report, would be
20  unduly burdensome and prejudicial.  Second, Wildfire argues that the late disclosure is
21  substantially justified because the deadlines passed while the parties were discussing
22  settlement and that actual discovery started late this year.  Wildfire, however, has been

fully aware of the reason for the alleged forfeiture of its property at least since the complaint was filed, maybe earlier. Wildfire has had ample time to retain an expert and form an opinion on what appears to be a relatively straightforward issue, whether the thermosetting plastic is an adequate deterrent. Therefore, the Court concludes that the opinion of Mr. Gardetto should be excluded.

### III. ORDER

Therefore, it is hereby **ORDERED** that the Government's motion to exclude (Dkt. 64) is **GRANTED**.

Dated this 11th day of December, 2013.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge